## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LAWRENCE VEASLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:03cv0031 DJS |
| ) | TCM |
| MIKE KEMNA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Lawrence Veasley ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). In response to a show cause order issued by the Honorable Donald J. Stohr, Respondent argues that the petition is untimely filed. For the reasons set forth below, Respondent will be directed to address the merits of the petition.

## Background

After listening to the prosecutor read a statement by the victim and inform the court that the victim had identified Petitioner's voice as the voice of her assailant, that packing tape found in Petitioner's ex-wife's apartment, located in the same building as the victim's apartment, was similar to that used to bind the victim, and that there was a match on the blood and DNA, Petitioner replied, "Oh, yeah" when asked by the court if he believed that he would "probably be convicted on that evidence" on two counts of forcible rape, one count

of sodomy, and one count of armed criminal action. (Resp. Ex. B at 12.[1]) The prosecutor also informed the court that the State was going to recommend a thirty-year sentence on each of the four felonies and that Petitioner had been told of this recommendation prior to the entry of his Alford[2] plea. (Id. at 14.) On January 4, 1999, Petitioner was sentenced to an aggregate term of thirty-years' imprisonment. (Id. at 30.)

Petitioner did not appeal.

On March 18, 1999, Petitioner filed a motion to vacate, set aside, or correct his conviction pursuant to Rule 24.035 of the Missouri Supreme Court Rules. (Resp. Ex. C at 9.) The motion was denied following an evidentiary hearing at which Petitioner, his trial counsel, and the jail administrator[3] testified. (Resp. Ex. A; Resp. Ex. C at 31-33.) Petitioner appealed on one ground, arguing that his pleas were not voluntarily entered because the court had failed to advise him of his right to cross-examine all witnesses and to the assistance of counsel at trial. (Resp. Ex. D at 9.) The Missouri Court of Appeals affirmed the motion court's adverse rulings by per curiam order filed January 15, 2002. (Resp. Ex. G.) Petitioner subsequently moved for a rehearing or transfer to the Missouri Supreme Court. (Resp. Ex. H.) This motion was stricken as untimely filed on February 6. (Id.) A motion for rehearing

---

[1] Several of the exhibits submitted by Respondent were also submitted by Petitioner. The exhibits submitted by Petitioner were not separately identified; thus, the undersigned will cite to Respondent's exhibits.

[2] North Carolina v. Alford, 400 U.S. 25, 37 (1970).

[3] One of the grounds alleged in the motion was that Petitioner was taking an anti-depressant that interfered with his ability to make a knowing decision about whether to plead guilty. The jail administrator testified as the custodian of Petitioner's medical records at the jail.

or, alternatively, for rehearing en banc was found not to be in compliance with the court rules and was returned unfiled on February 19. (Resp. Ex. I.)

On November 18, 2002, Petitioner was granted leave by the Missouri Supreme Court to proceed in forma pauperis, on payment of a partial filing fee, with a Petition for Discretionary/Remedial Writ raising some of the same grounds now at issue. (Pet. at 53-74.) There is no indication in the record of the status of that petition.

On December 31, he signed the instant petition, seeking federal habeas corpus relief on nine grounds.[4] Respondent argues that the petition is untimely.

### Discussion

Petitions for § 2254 relief filed after the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – April 24, 1996 – are governed by the Act. **Williams v. Taylor**, 529 U.S. 420, 429 (2000); **Beery v. Ault**, 312 F.3d 948, 950 (8th Cir.

---

[4]Those nine grounds are: (1) the trial court denied him due process by not personally advising him of the various rights he was waiving by pleading guilty; (2) his guilty plea was unlawfully induced by his trial counsel's representations that he would not be sentenced to a term of imprisonment longer than fifteen years; (3) his guilty plea was not make intelligently, knowingly, or voluntarily because he was suffering from side effects caused by an anti-depressant; (4) his guilty plea lacked a factual basis because there was no showing that the crimes occurred in the county in which he was sentenced; (5) his trial counsel was ineffective for failing to file a motion to suppress the victim's voice identification; (6) the trial court abused its discretion by accepting his plea without (a) complying with Missouri and federal criminal rules of procedure requiring that he be questioned about certain rights and (b) holding a competency hearing; (7) his post-conviction appellate counsel abandoned him by failing to consult with him and inform him about post-appeal motions; (8) his post-conviction appellate counsel was ineffective for abandoning on appeal four points raised in his post-conviction motion; and (9) the trial court abused its discretion when failing to advise him or certain rights, failing to hold a competency hearing, and failing to sustain his post-conviction motion.

2002). Title 28 U.S.C. § 2244(d), as amended by the AEDPA, provides, in relevant part, as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"As applicable here, the limitations period runs from the date on which [Petitioner's] state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review." **Berry**, 312 F.3d at 950 (citing § 2244(d)(1)(A)) (alteration added). Petitioner had ten days after he was sentenced to file an appeal. See Mo.S.Ct.R. 30.01(d). This ten-day period ended on Thursday, January 14, 1999. No appeal was filed; thus, his judgment of conviction became final that day. See **Finerson v. Murphy**, 2005 WL 1828751 at * 2 (E.D. Mo. Aug. 1, 2005).

On March 18, 1999, Petitioner filed his motion for post-conviction relief. The statute of limitations is not tolled for the 63 days between the date direct review concluded, January 14, and the date the motion for post-conviction relief was filed. See **Beery**, 312 F.3d at 950. The post-conviction filing did toll the statute of limitations. See 28 U.S.C. § 2244(d)(2); **Curtiss v. Mount Pleasant Correctional Facility**, 338 F.3d 851, 853 (8th Cir. 2003).

Additionally, the term "pending" in § 2244(d)(2) "includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." <u>Beery</u>, 312 F.3d at 950. The Missouri Court of Appeals issued its opinion on January 15, 2002. Petitioner had fifteen days within which to file a motion for rehearing or for transfer to the Missouri Supreme Court. <u>See</u> Mo.S.Ct.R. 83.02, 84.17. The tolling of the statute of limitations then ended on January 30. <u>See</u> **Carey v. Saffold**, 536 U.S. 214 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." (alteration added) (interim quotations omitted)).

Petitioner did, however, file a motion for rehearing and transfer and a motion for rehearing or rehearing en banc. The first was untimely; the second was returned as not being properly filed. Neither tolls the statute of limitations. <u>See</u> **Artuz v. Bennett**, 531 U.S. 4, 8 (2000) (finding that only a properly filed post-conviction motion tolls the statute of limitations and a properly filed motion is one that complies with the rules on, inter alia, timeliness and the form of the document).

Three hundred and two days (365-63) from January 30 is November 28, 2002. Petitioner was granted leave to proceed in forma pauperis on his petition for discretionary review on November 18. As noted above, there is no indication in the record as to the status of that petition. Without such information, the instant petition was timely filed.

On the basis of the record now before the Court, the instant petition was timely filed. Accordingly, Respondent will be directed to address the merits of the petition, including the question of any procedural default.

**IT IS HEREBY ORDERED** that Respondent show cause within **thirty days** of the date of this Order why relief requested by petitioner Lawrence Veasley should not be granted on its merits.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2005.