UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE VEASLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:03CV31-DJS |
| | ) |
| MIKE KEMNA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

The United States Magistrate Judge recommends the denial of petitioner Lawrence Veasley's petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254. Now before the Court are petitioner's objections to the magistrate judge's report and recommendation (R&R). Pursuant to 28 U.S.C. §636(b), this Court gives *de novo* consideration to those issues as to which objection is made.

Habeas corpus relief pursuant to §2254 is available to petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Mere violations of state law do not support habeas relief. Furthermore, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petition may not be granted unless the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.

§2254(d). A state court's decision is contrary to clearly established Federal law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases...[or] if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

As an introductory argument in his objections to the R&R, petitioner contends that these deferential standards are inapplicable in federal habeas proceedings unless the federal court first examines the state court determination and finds that it meets minimum standards of fair, full and meaningful judicial consideration and independent, reasoned judgment. Objection [Doc. #17], p.2. No such threshold requirement, or an obligation of the federal court to make a separate threshold review of the state court decision, is supported by the language of §2254(d) or by any of the case law cited by petitioner in support of this contention. Finding the argument unpersuasive and unsupported, the Court rejects petitioner's objection to the application of the deferential standards of §2254(d) and Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Petitioner's next objection pertains to the magistrate judge's analysis of Ground One, a claim that the trial court violated petitioner's due process rights when it failed to adequately advise petitioner of the various rights he was waiving

2

by entering an Alford plea. The magistrate judge concluded, based on the record made at the time of petitioner's plea, that the Missouri courts' determination that petitioner was adequately informed was not contrary to nor an unreasonable application of federal law. Petitioner now argues that the record does not support a determination that petitioner understood he was waiving his constitutional right to testify and his right to a jury trial. Objection [Doc. #17], p.5. In this objection, petitioner invokes *different* rights than are the stated basis for Ground One as pled in his petition in this case. Petitioner's objection is rejected to the extent it seeks relief on a basis different from that pled in his petition.

Returning to Ground One as actually pled in the petition, the Court is persuaded that petitioner is not entitled to habeas relief. Ground One as stated in the habeas petition invokes not only due process but "Rule 24.02 and Rule 11." Petition [Doc. #1], p.5. Violations of state or federal rules do not support habeas relief. Petitioner's due process focus in Ground One is his claim that the trial court failed to advise him of his right to cross-examine all witnesses and his right to the assistance of counsel. Petition [Doc. #1], p.5 & p.5(1). The Supreme Court in Boykin v. Alabama, 395 U.S. 238, 243 (1969), identified three federal constitutional rights that are waived by a guilty (or Alford) plea entered in state court: the privilege against compulsory self-

incrimination, the right to trial by jury and the right to confront one's accusers.

The right to assistance of counsel is not one of the rights identified in Boykin, presumably because it is not a right waived by a guilty plea. The right to counsel was not in fact waived by petitioner by his entry of an Alford plea. Furthermore, it appears that petitioner, who was represented by appointed counsel, was well aware of his right to the assistance of counsel. Petitioner's dissatisfaction with his appointed counsel does not demonstrate that he was ignorant of his right to have appointed counsel to represent him at trial. Resp. Exh. B [to Doc. #6], p.28ff. Petitioner's self-serving characterization that he "had no choice" but to plead guilty, because of his dissatisfaction with his counsel and his fear that her performance at trial would be inadequate, do not support habeas relief on Ground One, which is based on an assertion of trial court error in the taking of petitioner's plea.

As for the right of cross-examination, the right is variously described as the right to confront one's accusers, as it is in Boykin v. Alabama, 395 U.S. at 243. Petitioner answered in the affirmative when the trial court asked if he understood he was giving up his right to be faced by the persons accusing him of the offenses charged, and the right to be confronted by his accusers. Resp. Exh. B [to Doc. #6], p.4. By so answering, petitioner indicated that he understood those rights, and petitioner thereby

4

forfeited his opportunity to ask for clarification or further explanation if he did not fully understand the rights as described by the judge. For all these reasons and based on this record, this Court readily concludes that the state courts' denial of habeas relief on Ground One was not contrary to, and did not involve an unreasonable application of, clearly established Federal law.

Petitioner's next objection concerns the magistrate judge's conclusion that Grounds Two through Six of the petition are procedurally defaulted. Petitioner does not dispute his failure to raise Grounds Two through Five in his postconviction motion appeal and his failure to raise Ground Six at all in his postconviction proceedings. As a result, these grounds for relief are procedurally defaulted and will not be considered on federal habeas review unless petitioner can demonstrate cause and prejudice for the default, or unless he can show that the federal habeas court's failure to consider the issues will result in a miscarriage of justice because he is actually innocent. See Sawyer v. Whitley, 505 U.S. 333, 338-39 (1992).

Petitioner's statement of his objection to the R&R concerning these grounds is not easy to decipher.[1] To the extent that petitioner argues that his appointed counsel's failure to

---

[1] The portion of petitioner's filing dealing with this objection is some 11½ pages in length. Objection [Doc. #17], pp.7-18. Much of that is devoted to citing and setting forth caselaw, an approach not always helpful to a clear statement of the position being asserted and advocated by the filing party.

5

raise the claims as necessary to preserve them through the postconviction review process constitutes an "abandonment" serving as cause to excuse the default, the Court rejects the argument as without merit. Because there exists no constitutional right to counsel in postconviction proceedings, postconviction counsel's failings cannot constitute cause to excuse a procedural default. Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005); Clemmons v. Delo, 124 F.3d 944, 947 (8th Cir. 1997), *citing* Coleman v. Thompson, 501 U.S. 722, 753 (1991). This is so even where there exists a state statutory right to postconviction counsel. Hagen v. Iowa, 141 Fed.Appx. 496, 497-98 (8th Cir. 2005). The same would therefore be true where the right to postconviction counsel is based in the state's procedural rules, such as Missouri Rules of Criminal Procedure 24.035(e) and 29.15(e).

Petitioner cites Clemmons v. Delo, 124 F.3d 944, 948 (8th Cir. 1997), in which the Eighth Circuit found that a habeas petitioner's claim was not procedurally defaulted where, although his appointed counsel did not pursue it on postconviction appeal, petitioner himself had filed a motion for leave to file a pro se supplemental brief in an effort to present the issue. Petitioner Veasley in this case does not present facts or circumstances analogous to those in Clemmons, and so fails to demonstrate that he "has done all he can" to place the pertinent issues before the Missouri Court of Appeals on his postconviction appeal. Cole v.

Hopkins, 56 Fed.Appx. 742, 744 (8th Cir. 2003). Petitioner fails to demonstrate that Clemmons relieves him of the otherwise-applicable procedural default of Grounds Two through Six.

Upon *de novo* consideration of those matters concerning which petitioner has filed objections to the R&R, this Court is not persuaded that petitioner has shown any right to relief pursuant to 28 U.S.C. §2254. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the magistrate judge's report and recommendation [Doc. #17] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #14] is accepted and adopted.

Dated this \_\_\_15th\_\_\_ day of March, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE